CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
1/30/2020
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MARK EDWARD SCHORSCH, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 5:19-cv-00085 |
| WAYNSEBORO GENERAL DISTRICT COURT and VIRGINIA DEPARTMENT OF BEHAVIORAL HEALTH & DEVELOPMENTAL SERVICES, | ) By: Elizabeth K. Dillon<br>United States District Judge |
| Defendants. | ) |

**MEMORANDUM OPINION**

Pro se plaintiff Mark Edward Schorsch has sued the Waynesboro General District Court and the Virginia Department of Behavioral Health & Developmental Services (DBHDS). Defendants move to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Fed. R. Civ. P. 12(b)(1), (6). For the reasons stated below, the court will dismiss this action for lack of subject matter jurisdiction.

Also before the court are motions filed by Schorsch requesting authorization to e-file documents in this case. These motions will be denied.

I. BACKGROUND

Schorsch's complaint is difficult to decipher. (*See* Compl., Dkt. No. 2.) He claims that DBHDS "denied and frustrated appropriate record of rent administered by Valley Community Services Board requiring filing of a signed notarized request for records and a civil claim for records and costs." (*Id.* ¶ 6.) As a result, Schorsch was required to "obtain funds for legal costs that jeopardize my arrangement with Social Security SSI and to contact a prominent attorney to defend against not fully substantiated or supported unlawful detainers." (*Id.*) Schorsch claims to be

"threatened by evidence" and would "like to have in hand record of compliance and payment of rent for the local judge should that be necessary and also should the landlord knock on my door as is their convenience and seldom custom." (*Id.* ¶ 8.) Schorsch requests "consideration that a record of my evaluation at FCI Petersburg . . . was found in my rented storage locker in Waynesboro and do not [believe] that my sister documented in this report did anything unethical," and he believes "the Waynseboro General District Court has heard and dismissed two unlawful detainers also not unethically considering that this same sister now serves as a Chief Judge with their 25th District." (*Id.*, Request for Relief.) "Believing that my Human Rights include fair reasonable and timely access to my records except due to extreme difficulties at the discretion of a Director, time and expense and retaliatory economic frustration should be compensable at least restore what has been depleted from a trust set up in my benefit and should allow for consideration to supporting concerns in this process." (*Id.*)

## II. ANALYSIS

### A. Standard of Review

A court must consider its subject matter jurisdiction as a "threshold matter" prior to addressing the merits of the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). "The plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). It is well settled that federal courts are courts of limited jurisdiction and possess only powers authorized by the constitution and statute, which is not to be expanded by judicial decree. *See Willy v. Coastal Corp.*, 503 U.S. 131, 135–36 (1992).

When a defendant argues that a complaint fails to allege any facts establishing subject matter jurisdiction, the motion under Rule 12(b)(1) is evaluated using the same standard of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Allen v. Tri-Lift N. Carolina, Inc.*, 1:19cv851, 2020 WL 70984, at *1 (M.D.N.C. Jan. 7, 2020) (citing *Adams v. Bain*, 697 F.2d

1213, 1219 (4th Cir. 1982)).  Under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and all reasonable inferences must be drawn in the plaintiff's favor.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

Schorsch's pro se complaint is entitled to a liberal construction.  *Erickson*, 551 U.S. at 94.  Even so, the court is not obliged to become an advocate for the unrepresented party, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990), or "to construct full blown claims from sentence fragments," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B. Subject Matter Jurisdiction**

The form complaint filed by Schorsch asks "What is the basis for federal court jurisdiction?" (Compl. ¶ 3.)  Schorsch was given three choices:  Federal Question, Diversity of Citizenship, and Government Defendant.  (*Id.*)

Schorsch does not attempt to establish subject matter jurisdiction under 28 U.S.C. § 1331 (federal question).  Liberally construed, Schorsch's complaint does not arise under federal law or raise a significant federal issue.  *See Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 181–82 (4th Cir. 2014) (explaining that a civil action can "arise under" federal law "when federal law creates the cause of action asserted" or when a state law cause of action implicates a "significant" federal issue) (citing *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)).

Neither does Schorsch try to establish subject matter jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).  Schorsch's complaint lists Virginia addresses for himself and the defendants.  (Compl. ¶ 2.)  Presuming that Schorsch would be considered a citizen of Virginia, it

3

does not appear that Schorsch could satisfy the requirement of complete diversity. *See Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (holding that diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant").

Instead, Schorsch checked the box for "Government Defendant." As the form explains, "[f]ederal courts also have jurisdiction over cases where the *United States* is a Defendant." (Compl. ¶ 3 (emphasis added).) The United States is not a defendant in this case. *See* 28 U.S.C. § 1346 (United States as defendant); *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 314 (2011) (explaining that district courts can "adjudicate suits against the United States for money damages under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), and the Federal Tort Claims Act § 1346(b)"); *Matsuo v. United States*, 416 F. Supp. 2d 982, 988 (D. Haw. 2006) ("The Tucker Act provides three waivers of sovereign immunity: the Big Tucker Act, 28 U.SC. § 1491; the Little Tucker Act, 28 U.S.C. § 1346(a)(2); and the Indian Tucker Act, 28 U.S.C. § 1505."). Therefore, this case must be dismissed for lack of subject matter jurisdiction.[1]

**C. Motion to E-File**

An unrepresented party may be allowed to file documents electronically pursuant to local rule or a court order. Fed. R. Civ. P. 5(d)(3)(B)(i). The local rules of this judicial district do not permit e-filing by pro se litigants, and the court will not issue an order authorizing e-filing for

---

[1] To the extent that Schorsch's complaint could possibly be construed as properly invoking either federal question or diversity jurisdiction, Schorsch's complaint for money damages would be barred by sovereign immunity. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) (explaining that the Eleventh Amendment's reference to actions "against one of the United States" encompasses "not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities"). Further, to the extent that Schorsch seeks appellate review of the proceedings described in his complaint, this suit would be barred by the *Rooker-Feldman* doctrine. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that under the *Rooker-Feldman* doctrine, federal districts courts do not have subject matter jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

Schorsch. Courts have allowed pro se litigants to e-file only in "exceptional circumstances," including "where pro se litigants have been unable to communicate effectively over mail due to residing outside of the United States" or "due to a constant travel schedule that prevented regular receipt of filings at a home address." *See Vient v. Connersville News Examiner*, No. 1:17-cv-04691-JMS-TAB, 2019 WL 1508960, at *3 (S.D. Ind. Apr. 5, 2019); *see also Akande v. Philips*, 386 F. Supp. 3d 281, 297 (W.D.N.Y. 2019) ("Plaintiff has not set forth any exceptional reason for this Court to exercise its discretion and permit has access to CM/ECF."). Schorsch has been able to communicate effectively with the court via regular mail, and he has not set forth any exceptional circumstance to justify access to CM/ECF. Therefore, Schorsch's motion is denied.

## III. CONCLUSION

For these reasons, the court finds this case should be dismissed for lack of subject matter jurisdiction. The court also finds no exceptional reason to allow Schorsch to access the court's electronic filing system. The court will issue an appropriate order.

Entered: January 30, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

5